CIVIL ACTION NO. 5:09-cv-247-JBC

MONROE GUARANTY INSURANCE COMPANY,                          PLAINTIFF

V.                          **MEMORANDUM OPINION AND ORDER**

RADWAN BROWN & CO., PSC.,                          DEFENDANT

\* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

On July 14, 2009, plaintiff Monroe Guaranty Insurance Company ("Monroe") filed this declaratory judgment action against its insured, Radwan Brown & Co., P.S.C., ("Radwan Brown"), a professional accounting firm, seeking a determination that it is not obligated to provide insurance coverage to Radwan Brown under the terms of an insurance policy it had issued to Radwan Brown (a "Special Business Owners Liability Insurance" policy) to cover Radwan Brown for any loss it sustained as a result of wrongful acts of its employees.  Radwan Brown allegedly incurred a loss of approximately $132,00.00 incurred by one of its clients due to embezzlement committed by an employee of the insured.  Radwan Brown reimbursed the client for the loss and then sought coverage for that loss from Monroe.

In addition to said declaratory judgment, Monroe also seeks its costs, attorney's fees, and expenses, and a jury trial on any issues so triable.

Radwan Brown counterclaimed asserting claims against Monroe for breach of contract and for unfair claims settlement practices, in violation of K.R.S. 304.12-230, *et seq.*  Radwan Brown asserts that the amount of the loss suffered during 2007 and 2008, when the Monroe policy was in effect, was $109,417.14.  Radwan Brown seeks compensatory damages of $109,417.14, plus interest accruing from April 14, 2009, its attorney's fees, and all other relief afforded by K.R.S. 304.12.230, *et seq.*

The parties agreed to bifurcate the insurance coverage and priority issues (Phase I of the litigation) from the claims of unfair claim settlement practices and bad faith (Phase II of the litigation), which have been held in abeyance pending an order on the dispositive motions as to insurance coverage and priority issues.

This matter is presently before the court on defendant's motion to compel plaintiff to supplement its responses to defendant's discovery requests by fully and completely responding thereto.[1] Defendant's motion to compel has been fully briefed and is ripe for review.

## II. DEFENDANT'S MOTION TO COMPEL DISCOVERY

As grounds for its motion to compel, defendant contends that plaintiff's responses to some of its discovery requests are insufficient and/or that plaintiff has improvidently raised objections to some of the discovery requests. In short, defendant submits that the subject discovery requests at issue are not overly broad and unduly burdensome, that they were narrowed and tailored to the time-frame relevant to this litigation and that plaintiff is obligated to provide full and complete answers and responses thereto.

Plaintiff's overall response to defendant's motion is that it is premature because the bad faith claims have been bifurcated from the insurance coverage and priority issues; therefore, the proceedings at this stage of the litigation (Phase I) are limited to the determination of whether the insurance policy issued to defendant provides coverage for the alleged loss based on the employee's embezzlement. On this premise, plaintiff argues that the only information relevant to the insurance coverage question concerns is the factual circumstances surrounding the alleged loss and the reporting of same and the insurance policy provisions contained in the policy covering the date of loss and that any information related to its claims handling procedures, insurance policies offered to other entities, and the handling of this specific claim, if at all relevant, is relevant only to Phase II proceedings. Plaintiff submits that at this juncture, its discovery responses are sufficient, that

---

[1] Pursuant to numerical paragraph 4 of the Scheduling Order entered on October 30, 2009, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #19].

defendant's motion to compel is without merit and that many of defendant's discovery requests are related to the bifurcated claim for bad faith, upon which all discovery has been held in abeyance, and not to the insurance coverage issue. Plaintiff asserts that the defendant is attempting to prematurely seek information relating to the bad faith claim. Therefore, defendant's motion to compel should be denied.

In considering this matter, the Magistrate Judge has reviewed the memoranda filed in support of and in opposition to defendant's motion to compel discovery and has reviewed the discovery requests and plaintiff's responses thereto. In analyzing this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

Each of the disputed discovery requests is set out below, followed by plaintiff's response thereto, and the Magistrate Judge's assessment as to whether plaintiff's response is sufficient as is or whether it should be supplemented. In short, the Magistrate Judge concludes that defendant's motion to compel discovery should be granted in part and denied in part, for all of the reasons set out in detail below:

A.    **Interrogatories**

**INTERROGATORY NO. 2**: Please identify all persons,(a) whom you expect to call at trial or (b) who has knowledge of facts relating or described in the Complaint, Answer, counterclaim, Reply, or other pleadings, and state the facts on which each person has knowledge and the substance of proposed testimony.

**ANSWER**: Objection insofar as this request references "trial" insofar as this matter is a Declaratory Judgment action to be submitted to the Court on Cross Motions for Summary Judgment. Further, Plaintiff objects insofar as this Request seeks to invade the attorney/client privilege, work product doctrine, and/or seeks the mental impressions and/or trial strategy of counsel prematurely. Without waiving said objection, Plaintiff anticipates that the following may have discoverable information in regards to this matter:

    1.  Former Radwan Brown employee, Lillian Mumford;
    It is anticipated that Ms. Mumford may testify in regards to her conduct involving the payroll funds of Kentucky Center for Oral and Maxillofacial Surgery;

2. Radwan Brown employees, Troy Mulligan, Lynn Week, Randy Hatfield, Sharon Naas, and/or other Radwan Brown employees who were involved in the supervision, discovery and investigation into the embezzlement of funds by former employee, Lillian Mumford;

3. Radwan Brown employee, Carol Rowe, who apparently discovered the embezzlement;

4. One or more representatives of Radwan Brown to testify in regards to insurance policies and/or insurance coverages purchased by Radwan Brown from various insurance companies, the submission of Radwan Brown claims in question to various carriers, demands for coverage, payments made, resolution and/or compromise of said claims;

5. Old Colony Insurance Agency employees, including Nick Strong and Pat Brunner, and Bill Edwards in regards to the request for, placement of, and decisions regarding insurance coverages and/or insurance policies purchased by Radwan Brown from various insurance companies, the submission of the Radwan Brown claim at issue to the various carriers, demands for coverages, payments made, resolutions and/or compromise of said claims;

6. Representative of NY MAGIC involved in the decisions regarding underwriting, placement, and provision of insurance coverages and/or insurance policies to Radwan Brown, the submission of the Radwan Brown claim in question, demands for coverages, investigation and determinations regarding coverages, resolutions and/or compromise and/or payment of said claim;

7. Representative of Peerless and/or Ohio Casualty Insurance Company involved in the decisions regarding underwriting, placement, and provision of insurance coverages and/or insurance policies to Radwan Brown, the submission of the Radwan Brown claim in question, demands for coverages, investigation and determinations regarding coverages, resolutions and/or compromise and/or payment of said claim;

8. Investigating law enforcement officials involved in the investigation and/or discovery of Ms. Mumford's conduct;

9. Representatives of Kentucky Center for Oral and Maxillofacial Surgery in regards to the funds and/or account from which Radwan Brown's ex employee, Lillian Mumford, is alleged to have embezzled;

10. Plaintiff reserves the right to supplement this response upon further investigation and/or discovery and/or submits its witness list upon such determination and at such time as set forth in the Orders of this Honorable Court.

As grounds for its motion to compel, defendant states that under Fed.R.Civ.P. 26, plaintiff

is required to disclose the actual names of the "representatives" of NY MAGIC, Peerless and/or

Ohio Casualty Insurance Co., and Kentucky Center for Oral & Maxillofacial Surgery who plaintiff

may use to support its claims or defenses herein. Defendant states that this Interrogatory was

designed to cure the deficiencies in plaintiff's Rule 26 disclosures, which merely identified "representatives" of NY MAGIC, Peerless and/or Ohio Casualty Insurance Co., and Kentucky Center for Oral & Maxillofacial Surgery, as witnesses with discoverable information, but failed to name NY MAGIC, and Peerless and/or Ohio Casualty Insurance Co., as entities with discoverable information, let alone provide the actual names of the "representatives" within all three of those organizations. Defendant submits that if plaintiff is going to rely on the testimony of these witnesses in any manner – and not just as witnesses at trial – it is entitled know both their identities, and the substance of their proposed testimony, and that Rule 26 provides that it is entitled to that information now so that it can identify whose deposition it needs to take prior to the May 3, 2010 discovery deadline.

In response, plaintiff submits that its answer to Interrogatory No. 2 is sufficient in that this interrogatory did not request that plaintiff identify persons with discoverable information by name. Plaintiff states that it is not affiliated with these entities and that it identified the representatives of these companies as well as it could and that the description provided is sufficient. Plaintiff also asserts that defendant's motion to compel as to this interrogatory is disingenuous because the defendant, which has worked with these companies, is in a much better position to know the identity of the representatives of these entities that may have discoverable information.

In reply, defendant states that contrary to plaintiff's argument, it did request plaintiff to identify these people by name and that Fed.R.Civ.P. 26 requires the disclosing party to provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses ...." FRCP 26(a)(1)(A). Thus, defendant reiterates that if plaintiff is going to identify these persons as individuals with discoverable information on which Monroe will rely, then the defendant is entitled to be provided with their names, addresses, and telephone numbers.

Defendant correctly points out that plaintiff's argument ignores the requirements of Rule 26 that the disclosing party provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses ...." FRCP 26(a)(1)(A). Thus, irrespective of the defendant's business relationships and/or connections with these entities (NY MAGIC, Peerless and/or Ohio Casualty Insurance Company, and Kentucky Center for Oral and Maxilliofacial Surgery), and regardless of the fact that the defendant may know the names of individuals within these entities who may have knowledge about this matter, plaintiff is required to disclose at least the names of the individuals within these entities likely to have discoverable information on which it may use to support its claims or defenses.

Consequently, the Magistrate Judge concludes that plaintiff's answer to Interrogatory No. 2 is deficient in that it failed to include the names of the representatives of these entities. Defendant's motion to compel will be granted, and plaintiff shall supplement its answer to Interrogatory No. 2.

> **INTERROGATORY NO. 3**: Please identify all expert witnesses whom you expect to call to testify at trial in this action and, with reference to each, state:
>
>> (a) the subject matter on which the expert is expected to testify;
>> (b) the substance of the facts and opinions to which the expert is expected to testify;
>> (c) a summary of the grounds for each opinion; and
>> (d) whether or not any such expert has prepared a written report and, if so, the date of the report, and the person currently having possession or control of the report.
>
> **ANSWER**: Objection insofar as this request seeks experts in regard to testifying "at trial" insofar as this matter is a Declaratory Judgment action, to be submitted to this Honorable Court for determination in regards to the insurance contract at issue. Without waiving said objection, Plaintiff has not yet made any determination regarding expert witnesses and, upon doing so, will supplement this response and/or comply with all Orders of this Honorable Court in regards to same.

Defendant has no objection to Monroe's answer to Interrogatory No. 3, so long as Monroe supplements its answer once it has determined if it is going to utilize an expert witness to support

its position herein. Monroe is directed to seasonably supplement its answer to this interrogatory as soon as it has made a decision as to expert witnesses.

**INTERROGATORY NO. 4**: Please identify and describe any and all insurance policies offered by you for purchase to accounting companies such as Radwan Brown for the 2006,2007,2008,2009, and 2010 policy years. In so identifying and describing, please

(a) provide the name and/or type of each policy;
(b) describe the policy's purpose and nature;
(c) explain whether they are usually purchased with another type of policy by accounting companies such as Radwan Brown;
(d) provide the typical dollar amount of coverage purchased for each type of policy by accounting companies such as Radwan Brown; and
(e) identify and describe what sort of riders or adjustments are usually purchased by accounting companies such as Radwan Brown to same.

**ANSWER**: Objection insofar as this Request is overly broad, unduly burdensome, vague, seeks immaterial, irrelevant information not likely to lead to the discovery of admissible evidence. Without waiving said objection, a copy of the insurance policy purchased by Defendant, Radwan Brown, and at issue herein, has previously been provided.

In support of its motion to compel, defendant contends that this interrogatory is not overly broad, etc., in that it requests specific policies for a very specific window of time, which are the calendar years encompassing the embezzlement at issue (2007, 2008, and 2009), plus one year before the embezzlement started and one year after it ended. Defendant also argues that the requested information is relevant because it seeks to learn (1) whether the type of coverage and amount of coverage that it purchased from the plaintiff was typical for accounting companies and that in particular, it seeks to determine whether the "money and securities" and "employee dishonesty" provisions are typically marketed and purchased by accounting companies, (2) about Monroe's business practices with regard to providing insurance to accounting companies, and (3) whether Monroe acted in good faith in its representations of those provisions, and offering that type of coverage. Defendant also argues that it is probable that accounting companies raise the issue of embezzlement by its own employees of clients' monies given that the very nature of an accounting

company is the handling of its client's monies; therefore, this request seeks to learn whether Monroe represents to accounting companies that its policies cover such events.

In response, plaintiff submits that this interrogatory objectionable because it is vague and ambiguous in that (1) it essentially requests it to make a determination as to which accounting companies are similar to Radwan Brown and then decide which insurance policies may be available to these companies and that similar companies may have different insurance needs depending on a wide variety of circumstances, and (2) it requests plaintiff to decide issues of corporate similarity and then decide what insurance policies it offers that would meet every possible circumstance and condition related to these companies, which also renders it overly broad and unduly burdensome.

Furthermore, plaintiff contends that this interrogatory requests information that has no relevance to the issue of whether Radwan Brown's claims are covered under the policy issued by plaintiff and that the types and terms of insurance policies that may be offered to other companies simply have no bearing on the coverage issues present in this case. Plaintiff asserts that the only relevant insurance policy is the policy issued to Radwan Brown covering the date of loss, that the only relevant insurance policy terms are the terms contained in that policy, that it is from that policy and based on those terms that a coverage determination will be made, and that any discovery request directed to an insurance policy other than the policy covering defendant's claims is irrelevant.

Irrespective of defendant's arguments made in its motion to compel and in its reply to plaintiff's response, the Magistrate Judge concurs with plaintiff's position on this interrogatory and concludes that this interrogatory seeks irrelevant information. Quite simply, the issue is whether the policy at issue provides coverage for embezzlement of a client's funds by a Radwan Brown employee. Whether other policies may have provided coverage has no bearing on the issue before the court in this case.

Consequently, for the reasons stated above, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 4 will be denied.

**INTERROGATORY NO. 5**:  Please identify and describe any and all insurance policies purchased by Radwan Brown from you for the 2006,2007,2008,2009, and 2010 policy years.  In so identifying and describing, please

> (a) provide the name and/or type of each policy;
> (b) describe each policy's purpose and nature;
> (c) identify whether they were standard or modified policies; and
> (d) describe any adjustments or riders to each policy purchased by Radwan Brown.

**ANSWER**:  Objection insofar as this Request is overly broad, unduly burdensome, vague, seeks immaterial, irrelevant information not likely to lead to the discovery of admissible evidence.  Without waiving said objection, a copy of the insurance policy purchased by Defendant, Radwan Brown, and at issue herein, has previously been provided.

As grounds for its motion to compel plaintiff to supplement its answer to this interrogatory, defendant notes that defendant's response to this interrogatory was the same as its response to Interrogatory No. 4.  Defendant also states that plaintiff's response ignores the fact that there are actually two Monroe policies at issue:  (a) Monroe Guaranty Insurance Company Policy No. P000665879, effective December 31, 2006 - December 31, 2007 ("2007 Monroe Policy"); and (b) Monroe Guaranty Insurance Company Policy No. P000665879, effective December 31, 2007 - December 31, 2008 ("2008 Monroe Policy") and that the Complaint only addresses the 2008 Monroe Policy.

In response, plaintiff states that defendant's Interrogatory No. 5 requests the same information as Interrogatory No. 4, except that it seeks five years of insurance policies issued to the defendant instead of other unidentified accounting firms, and plaintiff contends that Interrogatory No. 5 is objectionable for the same reason as Interrogatory No. 4.  Plaintiff argues that the information requested, other than the request for the specific policy at issue, is irrelevant because the only insurance policy relevant to the instant case is the insurance policy in effect when defendant's claims arose, and plaintiff notes that that policy has been provided to the defendant.

Again, irrespective of defendant's arguments made in its motion to compel and in its reply to plaintiff's response, the Magistrate Judge concurs with plaintiff's position on this interrogatory and concludes that this interrogatory seeks irrelevant information.  The Magistrate Judge agrees with

plaintiff that the only insurance policy relevant to the instant case is the insurance policy in effect when defendant's claims arose.

Consequently, for the reasons stated above, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 5 will be denied.

> **INTERROGATORY NO. 6**: Please identify the entity and/or person who was involved in any capacity in providing information, documentation, or the sale, of each and every insurance policy underwritten by you to Radwan Brown for the 2006,2007,2008,2009, and 2010 policy years. In so identifying, please provide the name, last known address, and telephone number of the entity and/or the person, and identify whether this entity or person was a licensed insurance agent.

> **ANSWER**: Objection insofar as this Request is overly broad, unduly burdensome, vague, seeks immaterial, irrelevant information not likely to lead to the discovery of admissible evidence. Without waiving said objection, it is believed that Old Colony Insurance Agency was the insurance agent for Defendant, Radwan Brown, in regards to the purchase and/or placement of insurance for Radwan Brown, including the insurance policy at issue. See those Radwan Brown and Old Colony Insurance Agency individuals identified in Response to Interrogatory 2.

As grounds for its motion to compel, defendant asserts that this interrogatory is neither overly broad, etc., and that it does not seek irrelevant information. Defendant contends that Monroe ignores the fact that Old Colony was not the only entity and/or person involved in the sale of the policies at issue. Defendant submits that there were Monroe employees involved as well who processed the coverage and policies at issue and that Monroe employees may have been consulted about the type, terms, and/or amount of coverage most appropriate for Radwan Brown. For these reasons, defendant argues that it is entitled to know the identity of these individuals in order to determine what were the reasons for the representations that were made to Old Colony and/or Radwan Brown with regard to the terms of the coverage purchased by Radwan Brown.

In response to the motion to compel, plaintiff counters that Interrogatory No. 6 seeks information relating to the identity of persons or entities who sold insurance policies to Defendant between 2006 and 2010 and that like Interrogatory Nos. 4 and 5, the information sought is not relevant to the determination of the coverage issue. Plaintiff submits that assuming, *arguendo*, that consultations took place, as defendant suggests, they are irrelevant because the only information

relevant to the determination of coverage is the terms and conditions contained in the policy defendant actually purchased.

The Magistrate Judge is persuaded by plaintiff's argument that this interrogatory is overly broad and seeks irrelevant information. The Magistrate Judge concludes that defendant is entitled to the requested information surrounding the issuance of the insurance policy at issue. Plaintiff has provided defendant with that information. The information relative to the other years concerning other insurance policies is simply irrelevant to the coverage issue in the present case.

Consequently, for the reasons stated above, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 6 will be denied.

> **INTERROGATORY NO. 7**: Please describe the procedure by which an insured must make a claim under a policy such as the ones purchased by Radwan Brown from you.
>
> **ANSWER**: Objection insofar as this Request is vague and non-specific. Without waiving said objection, Defendant is respectfully referred to the terms of the applicable policy at issue. Generally speaking, the normal procedure is that, immediately, or as soon as reasonably practical after incurring or discovering a loss, the policy holder is to report the claim to their insurance agent, who in turn, shortly thereafter, reports the claim to Monroe Guaranty Insurance Company via telefax or telephone call to the Claim Reporting Unit in Florida. The claim Notice of Loss is then dispersed to the region in which the claim occurred. The claim is then assigned to an adjuster.

As grounds for its motion to compel, defendant contends that it is entitled to discover plaintiff's claim reporting procedure in order to determine if the procedure was followed with regard to its claim and whether its compliance thereto *vel non* affected its ability to collect on its policies with Monroe.

In response, plaintiff points out that defendant's interrogatory requested general information and that it responded with general information about the claim reporting procedure and contends that its answer is sufficient.

The Magistrate Judge concurs with plaintiff. The plaintiff answered the question asked. Its answer is sufficient. Consequently, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 7 will be denied

**INTERROGATORY NO. 8**: With regard to all entities and/or persons identified in Interrogatory 6, please describe the training and/or information provided by you to this entity and/or person's [sic] with regard to the procedure by which an insured must make a claim under a policy such as the ones purchased by Radwan Brown from you.

**ANSWER**: This Request is more appropriately addressed to the Old Colony Insurance Agency.

As grounds for its motion to compel, defendant submits that this interrogatory seeks (1) information with regard to Monroe's training of its own people and/or the agents with whom it contracted to sell the policies to Radwan Brown, and (2) information about the substance and manner in which Monroe employees are trained with regard to the products Monroe sells to accounting companies such as Radwan Brown. Defendant argues that since this interrogatory does not seek information about the training of Old Colony Insurance Agency employees, it is not more appropriately addressed to Old Colony; therefore, plaintiff should supplement its answer thereto.

In response, plaintiff states that this interrogatory requests information regarding claims reporting training received by persons who sell insurance policies and that it directed defendant to Old Colony Insurance, the insurance agent that sold defendant the policy at issue. Plaintiff also notes that Old Colony Insurance is the entity to which defendant should have reported its claim and that to the extent Old Colony Insurance trains its employees, defendant should request information regarding such training from it. Plaintiff further states that this interrogatory fails to differentiate between the sale of policies (performed by Old Colony Insurance) and the issuing of policies (performed by Plaintiff) and that if defendant wanted information regarding the processing of those sales, it should have asked for it. Plaintiff also contends that the information requested by this interrogatory is irrelevant to Phase I of this case since information regarding training procedures relating to the sale of the insurance policy at issue can provide no information that will affect the determination of the insurance coverage issues; therefore, this interrogatory seeks information related to defendant's bad faith claims, which have been bifurcated and held in abeyance.

In rebuttal to plaintiff's response, defendant counters that this Interrogatory does not seek information about Monroe employees who process claims after a contract has been entered into between Monroe and the insured, and instead, this interrogatory seeks information about the Monroe people who market or provide information on its products to insurance agents such as Old Colony before the policies are sold to end-users such as Radwan Brown. In essence, defendant asserts that the interrogatory seeks (1) information on the training of those Monroe employees who contract with entities such as Old Colony, (2) information regarding the training and/or information provided by Monroe on its claims procedure to these people, if any, and (3) to determine if Monroe's claims procedure was communicated adequately to its own employees, who may have then informed Old Colony of this procedure. Thus, defendant argues that this information is relevant because upon information and belief, one of Monroe's reasons for denial of the claim is Radwan Brown's failure to comply with Monroe's claims procedure.

Defendant's arguments notwithstanding, the Magistrate Judge concludes that plaintiff's answer to this interrogatory is sufficient, and the Magistrate Judge concurs with plaintiff's argument that this interrogatory seeks information that is not relevant to Phase I of this litigation.

Consequently, for the foregoing reasons, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 8 will be denied.

**INTERROGATORY NO. 10**: After a claim is made, please describe the general procedure by which you determine whether a claim is compensable under an insurance policy such as those purchased by Radwan Brown from you. In so describing, please:

(a) describe the actual procedure by which a claim is evaluated from start to finish;
(b) provide the chronology of events for your evaluation of a claim;
(c) describe the circumstances under, and method by which, as well as identify at what point in the procedure, you communicate with the claimant during the evaluation process;
(d) identify all departments and persons involved and/or consulted in the process of evaluation;
(e) describe each department's and person's role in the evaluation; and
(f) identify all documents reviewed.

**ANSWER**: Objection insofar as this Request is overly broad, unduly burdensome, seeks a specific answer to a generality, seeks information that is currently beyond the

scope of permissible discovery and/or seeks discovery in regards to in regards to claim handling procedures, which have been bifurcated and held in abeyance. Without waiving said objection, generally, the circumstances of the loss at issue are investigated and considered by the adjuster in light of, and in reference to, the insurance policy terms, provisions, conditions, exclusions and endorsements. The adjuster may possibly consult supervisory personnel, Corporate Legal and/or outside counsel.

In support of its motion to compel, defendant asserts that contrary to plaintiff's objection, this interrogatory is very specific in that it requests a chronology of events, including the specific departments, and identities of persons involved in each step, as well as the specific circumstances and point in time during the procedure that Monroe deems it necessary to communicate with the claimant. Defendant argues that the information requested in this Interrogatory is relevant in determining how much time and consideration Monroe gives to each claim so as to set the standard with regard to how it evaluated coverage for Radwan Brown's claim. Defendant notes that the current issue before the court is whether Radwan Brown's claim is covered under the policy and that Monroe's policies and procedures for evaluating a claim under the applicable policy is directly relevant to that issue in order to set forth the standard policy and procedure for Monroe's evaluation of a claim.

Plaintiff objected to this interrogatory, in part, on the grounds that it seeks information relating to the bifurcated bad faith claims. Plaintiff also takes issue with defendant's statement that plaintiff's claim evaluation procedures are relevant to the coverage issues. Plaintiff asserts that the only information relevant to the determination of whether plaintiff's policy provides coverage for defendant's alleged loss is the factual background surrounding the alleged loss and the terms of the policy and that any activities plaintiff may have undertaken to evaluate defendant's claim are not determinative of the issue and are irrelevant to whether the policy provides coverage for the loss at issue.

Defendant's reply notwithstanding, the Magistrate Judge concurs with plaintiff's position that this interrogatory seeks information relating to defendant's bifurcated bad faith claim (Phase

II of this litigation). Thus, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 10 will be denied.

> **INTERROGATORY NO. 11**: Please specifically describe and explain the procedure by which you evaluated the Claim under the policies underwritten by you in so describing, please:
>
> (a) describe the actual procedure by which the Claim was evaluated by you from start to finish;
> (b) identify by name all departments, adjusters, and/or other persons involved and/or consulted in the processing of the Claim, or otherwise involved in any way in your evaluation of the Claim;
> (c) describe each department's and person's role in the evaluation;
> (d) identify all documents reviewed;
> (e) provide the chronology of events for your evaluation of the Claim; and
> (f) describe the circumstances under, and method by which, as well as identify each and every instance in the procedure, you communicated with Radwan Brown and/or its agent on your evaluation of the Claim.
>
> **ANSWER**: Objection insofar as this Request is overly broad, unduly burdensome, seeks a specific answer to a generality, seeks information that is currently beyond the scope of permissible discovery and/or seeks discovery in regards to claim handling procedures, which have been bifurcated and held in abeyance. Without waiving said objections, see response to Interrogatory 10.

Defendant states that its motion to compel is based on the same reasons stated above as for Interrogatory No. 10, except that defendant notes that Interrogatory No. 11 seeks to discover if Monroe's handling of Radwan Brown's claim was different from its general handling of claims. Defendant contends that if Monroe did not comply with its standard policies and procedures in determining coverage here and simply denied Radwan Brown's claim summarily without reviewing the policy adequately or following the appropriate procedures, Radwan Brown is entitled to discover that information.

Plaintiff's response is the same as its response in respect to Interrogatory No. 10.

Without belaboring the point, the Magistrate Judge concurs with Monroe's assessment that this interrogatory seeks information relating to defendant's bifurcated bad faith claim (Phase II of this litigation). Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 11 will be denied.

**INTERROGATORY NO. 12**: Please identify and describe each and every communication you had with any representative or agent of NYMAGIC, Inc. (i.e., New York Marine And General Insurance Company) with regard to the Claim. In so identifying and describing, please

(a) provide the date, time, and mode of communication (writing, telephone, e-mail, etc.);
(b) provide the name, address, and telephone number of the person[s] with whom you communicated and/or were party to that communication;
(c) describe the substance or import of the discussion and/or information exchanged, issues discussed, questions posed, and answers made, during these communications;
(d) describe the conclusion you made as a result of the communication;
(e) identify whether you took any written statement concerning this communication; and
(f) describe the next step you took with regard to your handling of the Claim.

**ANSWER**: Objection insofar as this Request is overly broad, unduly burdensome, seeks information that is currently beyond the scope of permissible discovery and/or seeks discovery in regards to claim handling procedures, which have been bifurcated and held in abeyance. Further, this Request potentially seeks information gathered in anticipation of litigation and/or work product.

In support of its motion to compel, defendant contends that this interrogatory is a very specific request that requests very specific information, i.e., names, dates, import of communication, etc., and that it is relevant to the issue of coverage for Radwan Brown's claim because with this interrogatory, defendant seeks to determine whether the communications Monroe had with NYMAGIC influenced Monroe in any way with regard to its interpretation of the policies' provisions and its decision to deny coverage on defendant's claim.

In response, plaintiff asserts that contrary to defendant's argument, this interrogatory request prematurely seeks information related to defendant's bad faith claim. Elaborating, plaintiff defendant notes that the information sought relates to plaintiff's methodology in investigating this matter and its claims handling process and does not relate to any issue that would assist the Court in determining if coverage exists under the policy. Plaintiff incorporates by reference the arguments raised in response to Defendant's Interrogatory No. 10 and Interrogatory No. 11, above.

In short, the Magistrate Judge is persuaded by plaintiff's argument that this interrogatory seeks information relating to defendant's bifurcated bad faith claim (Phase II of this litigation).

Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 12 will be denied.

> **INTERROGATORY NO. 13**: Please identify by policy number, policy period, and each specific provision within same, the factual and contractual basis for your denial of the Claim.
>
> **ANSWER**: Objection. This Request is overly broad, unduly burdensome, and essentially seeks Plaintiff's Motion for Summary Judgment. Plaintiff, further, objects insofar as this Interrogatory references or characterizes Plaintiff's conduct as a "denial of the claim". Without waiving said objection, Plaintiff respectfully refers Defendant to Paragraphs 15 through 23 of its Amended Complaint for Declaratory Relief, which identify and set forth, verbatim, the referenced policy provisions, conditions, exclusions and/or endorsements applicable to this matter in regards to coverage, and the basis for Plaintiff's Declaratory Judgment Action. Plaintiff reserves the right to amend this response insofar as other policy provisions, conditions, exclusions and/or endorsements may become applicable, subject to the investigation and/or discovery in this matter progresses.

Defendant submits that plaintiff should supplement its answer to this interrogatory because this interrogatory merely inquires if there are other policy provisions relied upon by Monroe as the basis for its denial of Radwan Brown's claim, and this interrogatory also seeks to discover if there are other contractual bases for Monroe's denial of the claim. Defendant points out that the Amended Complaint to which defendant refers in its answer is essentially a verbatim recitation of the 2008 Monroe Policy provisions and that with this Interrogatory, Radwan Brown seeks a more complete description of the contractual bases for the denial of its claim.

In response, plaintiff argues that with this interrogatory, defendant seeks to ascertain the legal arguments plaintiff intends to make in the planned future dispositive motion and that such an inquiry is inappropriate under FRCP 26(b), which only allows discovery of matters that are relevant to any party's claim or defense. Plaintiff points out that its legal analysis and reasons for filing a declaratory action are not relevant to defendant's defense, that defendant has access to the same facts and policy provisions as plaintiff does and that defendant can make its own legal analysis. Therefore, it does not need to supplement its answer to this interrogatory.

The Magistrate Judge is persuaded by plaintiff's argument that this interrogatory seeks inappropriate information. Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 13 will be denied.

> **INTERROGATORY NO. 14**: Please describe and explain in detail the facts which you contend provide the basis for your reliance upon the policy provisions identified above. In so describing and explaining, please first identify each policy provision upon which you rely and then explain the facts which support your reliance upon that particular provision.
>
> **ANSWER**: Objection. This Request is overly broad, unduly burdensome, and essentially seeks Plaintiff's Motion for Summary Judgment. Without waiving said objection, Plaintiff respectfully refers Defendant [to] Paragraphs 15 through 23 of its Amended Complaint for Declaratory Relief, which identify and set forth, verbatim, the referenced policy provisions, conditions, exclusions and/or endorsements applicable to this matter in regards to coverage, and the basis for Plaintiff's Declaratory Judgment Action. Plaintiff reserves the right to amend this response insofar as other policy provisions, conditions, exclusions and/or endorsements may become applicable, subject to the investigation and/or discovery in this matter progresses.

As grounds for its motion to compel, defendant adopts its argument made in reference to Interrogatory No. 13. Additionally, defendant asserts that the Amended Complaint failed to set forth the factual basis for Monroe's reliance on each of its quoted provisions from the 2008 Monroe Policy. Defendant notes that while the Amended Complaint contains a "fact" section, the Counts of the Amended Complaint merely contain legal conclusions without any reference to the facts upon which they are based and that with this interrogatory it seeks Monroe's factual explanation for its reliance on each of those policy provisions and that it seeks no sort of legal argument, just the facts associated with each policy provision relied upon by Monroe.

In response, plaintiff reiterates its response in respect to Interrogatory No. 13.

Again, the Magistrate Judge is persuaded by plaintiff's argument that this interrogatory seeks inappropriate information. Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 14 will be denied.

> **INTERROGATORY NO. 15**: If not provided previously, please explain the factual basis for your position that the Claim is not for a "loss of or damage to Business Personal Property resulting from dishonest acts committed by [Radwan Brown's] employees."

**ANSWER**: Objection insofar as this Request seeks a legal opinion or conclusion, is vague, does not reference a specific assertion as set forth in Plaintiff's Complaint for Declaratory Judgment, nor specifically reference a policy provision, nor position of Plaintiff and/or takes language of the insurance policy out of context. Without waiving said objection, insofar as Interrogatory No. 15 seeks to reference the Employee Dishonesty clause of the optional coverages of Radwan Brown's policy (See Paragraph 15 of Plaintiff's Amended Complaint for Declaratory Relief), and subject to all other conditions, exclusions and endorsements as set forth in Plaintiff's insurance policy at issue and/or as referenced in Plaintiff's Complaint for Declaratory Judgment, the alleged dishonest act of Radwan Brown's employee did not result in an "direct loss" to Radwan Brown as a result of such act, nor were such alleged dishonest acts performed "with a manifest intent to cause Radwan Brown to sustain loss or damage, as opposed to conduct of an employee in regards to third parties.

As plaintiff points out in its response to defendant's motion to compel, defendant's motion to compel contains no argument or allegation that plaintiff's answer to this interrogatory was insufficient. The Magistrate Judge concludes that plaintiff's answer is sufficient and need not be supplemented.

**INTERROGATORY NO. 16**: If not provided previously, please explain the factual basis for your position the Claim is not for a loss of "money and securities"… used in [Radwan Brown's] business while at a bank or savings institution ... at the described premises, or in transit between any of these places, resulting directly from ... [t]heft."

**ANSWER**: Objection insofar as this Request seeks a legal opinion or conclusion, is vague, does not reference a specific assertion as set forth in Plaintiff's Complaint for Declaratory Judgment, nor specifically reference a policy provision, nor position of Plaintiff and/or takes language of the insurance policy out of context. Without waiving said objection, insofar as Interrogatory No. 16 seeks to reference the Money and Securities clause of the optional coverages of Radwan Brown's policy (See Paragraph 15 of Plaintiff's Amended Complaint for Declaratory Relief), and subject to all other conditions, exclusions and endorsements as set forth in Plaintiff's insurance policy at issue and/or as referenced in its Complaint for Declaratory Judgment, the amounts embezzled by Radwan Brown's employee were not Radwan Brown's funds used in its business. This Response may be supplemented upon further investigation and/or discovery.

As plaintiff points out in its response to defendant's motion to compel, defendant's motion to compel contains no argument or allegation that plaintiff's answer to this interrogatory was insufficient. The Magistrate Judge concludes that plaintiff's answer is sufficient and need not be supplemented.

**INTERROGATORY NO. 17**: Please identify and describe all past instances or occasions, within the last five years, when you have compensated a claimant pursuant to the "Money and Securities" and "Employee Dishonesty" provisions of policies underwritten by you. In so describing, please provide the facts that gave rise to the claim for compensation under the "Money and Securities" and "Employee Dishonesty" provisions of the policies underwritten by you, and the reason for your decision to compensate the claimant.

**ANSWER**: Objection, this Request is overly broad, unduly burdensome, seeks irrelevant and immaterial information not calculated to lead to the discovery of admissible evidence. Moreover, this Request seeks confidential, privileged and/or information protected by privacy rights of insureds and claimants.

In support of its motion to compel, defendant asserts that it does not seek any identifying information with this request, just the factual situations in the last five years that gave rise to a decision by plaintiff to provide coverage under the "Money and Securities" and "Employee Dishonesty" provisions of the policies underwritten by Monroe, and the reasons for the decision to provide coverage. Defendant notes that with this information it seeks to compare the facts of Radwan Brown's claim to others that have been granted coverage; therefore, the information is relevant.

In response, plaintiff contends that defendant's argument is without merit because the determination of insurance coverage is based on a comparison of the facts giving rise to the claim to the terms and conditions of the particular insurance policy in question and that claims made by other persons or entities cannot possibly assist in determining if defendant is entitled to coverage under the specific facts and specific policy provisions in this case. Plaintiff argues that defendant is actually seeking proof that plaintiff handled its claim differently than it handled the claims of others in order to seek support for its bad faith claims and that since these claims have been bifurcated, this discovery request is premature, at best.

The Magistrate Judge concurs with plaintiff's assessment of the discovery request at issue. Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 17 will be denied.

**INTERROGATORY NO. 18**: Please identify and describe all past instances or occasions, within the last five years, when you have denied a claimant pursuant to

the "Money and Securities" and "Employee Dishonesty" provisions of policies underwritten by you. In so describing, please provide the facts that gave rise to the claim for compensation under the "Money and Securities" and "Employee Dishonesty" provisions of the policies underwritten by you, and your reason for your denial of the claim.

**ANSWER**: Objection, this Request is overly broad, unduly burdensome, vague, seeks irrelevant and immaterial information not calculated to lead to the discovery of admissible evidence. Moreover, this Request seeks confidential, privileged and/or information protected by privacy rights of insureds and claimants.

Interrogatory No. 18 is essentially the mirror image of Interrogatory No. 17. Interrogatory No. 17 requested information concerning those instances when plaintiff made the decision to provide coverage; Interrogatory No. 18 requests information concerning the same period of time (the past five years) when Monroe made the decision to deny coverage. The parties make the same arguments regarding the motion to compel as they did in respect to Interrogatory No. 17. Again, the Magistrate Judge concurs with plaintiff's assessment of the discovery request at issue. Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 18 will be denied.

**INTERROGATORY NO. 19**: Please describe in detail any and all communications you had with Radwan Brown (including all its employees, agents, or representatives) about the Claim. In so describing, please include:

(a) the date, time, and form or mode of the communication;
(b) identify the names of all persons party to that communication;
(c) the substance or import of the discussion and/or information exchanged, issues discussed, questions posed, and answers made, during these communications; and
(d) identify whether you took any written statements from this person about the Claim.

**ANSWER**: Objection insofar as this Request seeks immaterial and irrelevant information and insofar as said request seeks a response directed at those issues bifurcated and held in abeyance at this time. Without waiving said objection, Property General Adjuster, Dennis Mortlock, spoke to Troy Mulligan of Radwan Brown on April 15, 2009 by telephone, discussing the circumstances of the loss and claim and available coverages under the policy at issue. On May 12, 2009, Mr. Mortlock forwarded Radwan Brown a Reservation of Rights letter. Thereafter, counsel was retained, and further communications were as between counsel. Plaintiff is unaware of any written or recorded statements taken by Plaintiff of Radwan Brown employees.

As plaintiff points out in its response to defendant's motion to compel, defendant's motion to compel contains no argument or allegation that plaintiff's answer to this interrogatory was

insufficient.  The Magistrate Judge concludes that plaintiff's answer is sufficient and need not be supplemented.

> **INTERROGATORY NO. 20**:  Please describe in detail any and all communications you had with any other persons, including third parties, about the Claim.  In so describing, please include:
>
> (a) the date, time, and form or mode of the communication;
> (b) identify the names of all persons party to that communication;
> (c) the substance or import of the discussion and/or information exchanged, issues discussed, questions posed, and answers made, during these communications; and,
> (d) identify whether you took any written statements from this person about the Claim.
>
> **ANSWER**:  Objection insofar as this Request seeks to invade the attorney/client privilege, work product doctrine, seeks information gathered in anticipation of litigation, and/or seeks information in reference to those claims regarding claims handling that have been bifurcated and held in abeyance in this matter.

In support of its motion to compel, defendant asserts that this interrogatory is a standard interrogatory propounded to ensure that all persons who may know anything about the dispute are disclosed and that it merely seeks information about any person who may know something about Monroe's decision to deny Radwan Brown's claim as they may be called as a witness in this case.

In response, defendant submits that this request is overly broad and that it does not exclude information that is protected by claims of privilege or confidentiality issues and is not limited to information related solely to the insurance coverage issues.  Defendant argues that this interrogatory is so broad that it encompasses communications relating to plaintiff's claim handling procedures and other issues related to the bifurcated bad faith claims.  Further, defendant notes that any communications relating to plaintiff's decision to seek a declaration regarding its obligation to provide coverage is irrelevant to the determination regarding insurance coverage and that this interrogatory must be intended to obtain information relating to its bifurcated bad faith claims.

The Magistrate Judge agrees with plaintiff's assessment of this interrogatory.  It is overly broad, and it seeks information going to claim denial, which is not relevant to Phase I discovery.  Therefore, defendant's motion to compel plaintiff to supplement its answer to Interrogatory No. 20 will be denied.

**INTERROGATORY NO. 21**: If not previously identified, please identify by name, address, and telephone number each and every person who has information and/or documents relative to the Claim.

**ANSWER**: Objection, insofar as this Request is overly broad, unduly burdensome, seeks attorney client and /or work product information, is not limited in scope and/or seeks a legal conclusion. Without waiving said objection, see Responses to prior Interrogatory 2 above.

Defendant's motion to compel contains no argument or allegation that plaintiff should supplement its answer to this interrogatory. The Magistrate Judge concludes that plaintiff's answer is sufficient and need not be supplemented.

**B.      Requests for Production of Documents**

**REQUEST NO. 1**: All insurance policies, riders, amendments, commitment letters, and premium invoices, for policies held by Radwan Brown that were underwritten by you.

**RESPONSE**: A copy of the policy at issue has previously been identified and produced.

As grounds for its motion to compel, defendant contends that Monroe has ignored the fact that there are actually two policies involved and has ignored the request for the other identified documents. Defendant argues that all documents requested in this request are relevant to determining if there is coverage for Radwan Brown's claim as they may contain clauses/provisions not yet known about and which may be relevant to the issue of coverage.

In response, plaintiff states that it has produced the policy at issue and contends that defendant's assertion that there are two insurance policies at issue is an unsupported and conclusory allegation. Plaintiff also argues that defendant's assertion that documents outside the policy, such as commitment letters and premium invoices, "may contain clauses/provisions . . . relevant to the issue of coverage" is contrary to law.

The Magistrate Judge concurs with plaintiff's assessment of this document request. In the absence of any proof that there are two Monroe insurance policies at issue, the Magistrate Judge concludes that the scope and limitation of coverage is governed solely by the terms of the insurance policy at issue, the one that Monroe has already produced to Radwan Brown. Therefore, defendant's

motion to compel plaintiff to supplement its document production in respect to Request No. 1 will be denied.

> **REQUEST NO. 2**.  All insurance policies, riders, and amendments, for policies held by accounting firms similar to Radwan Brown that were underwritten by you for the 2006,2007,2008,2009, and 2010 policy years.
>
> **RESPONSE**:  Objection.  This Request is overly broad, unduly burdensome, seeks irrelevant and immaterial information not likely calculated to lead to the discovery of admissible evidence.

In support of its motion to compel, defendant adopts its argument made concerning Interrogatory No. 4.  Additionally, defendant argues that it is entitled to these documents to determine if there is some other policy/rider/provision/amendment that Radwan Brown could have purchased which would have been applicable to its claim at issue here.

In response, plaintiff states that similar to defendant's Interrogatory No. 4, Request No. 2 seeks information that has no relevance to the issue of whether defendant's claims are covered under the policy issued by Monroe.  Plaintiff asserts that information regarding policies defendant "could have purchased" is completely irrelevant, that the only relevant insurance policy is the policy issued to defendant covering the date of loss, and that the only relevant insurance policy terms are the terms contained in that policy.

The Magistrate Judge is persuaded by plaintiff's argument and agrees with plaintiff's assessment of this document request.  What has been written for other clients is not relevant to what was written for Radwan Brown.  Consequently, defendant's motion to compel plaintiff to supplement its document production in respect to Request No. 2 will be denied.

> **REQUEST NO. 3**.  All files and records compiled, created, or assembled by you and/or your adjusters with regard to the Claim.
>
> **RESPONSE**:  Objection insofar as this Request seeks to invade the attorney/client privilege, work product doctrine, seeks information gathered in anticipation of litigation, and/or seeks information in regards to the claim handling or bad faith matters that have been bifurcated and held in abeyance.

As grounds for its motion to compel, defendant asserts that this request merely seeks Monroe's file on this dispute, which may contain information relevant to Monroe's determination

of no coverage for Radwan Brown's claim. Defendant notes that this request does not merely address Monroe's claims handling procedure, but also seeks to discover any evidence relevant to Radwan Brown's entitlement to coverage under its policies with Monroe.

In response, plaintiff counters that this document request is not limited to documents that are not protected by a claim of privilege or confidentiality and are not limited to information that is relevant to a determination of the coverage issues. Therefore, it objected to this request and produced only documents that did not fall within the claimed objection. Plaintiff also argues that information relating to plaintiff's alleged denial of defendant's claims is only relevant to the bifurcated bad faith claims, not to the Court's determination of whether the policy provides coverage for defendant's claim.

The Magistrate Judge agrees with plaintiff's position on this document request. In a nutshell, the issue is whether the policy issued to defendant provided coverage. Whether other policies may have provided coverage has no bearing on the issue currently before the court. Thus, defendant's motion to compel plaintiff to supplement its response to Document Request No. 3 will be denied.

**REQUEST NO. 4**. All statements, notes, letters, memoranda, or any other type of document (including printouts of e-mails) evidencing or memorializing any communication you had with any of the parties to this lawsuit, or any other person or entity, addressing the contractual relationship between you and Radwan Brown.

**RESPONSE**: Objection insofar as this Request seeks to invade the attorney/client privilege, work product doctrine, seeks information gathered in anticipation of litigation, and/or seeks information in regards to the claims handling or bad faith matters that have been bifurcated and held in abeyance. Without waiving said objection, see attached correspondence to Radwan Brown.

As grounds for its motion to compel, defendant asserts that this request merely seeks unprivileged communications between Monroe and other persons (except for Monroe's attorneys) about Radwan Brown, which may contain information relevant to Monroe's determination of no coverage for Radwan Brown's claim. Defendant notes that this request does not merely address Monroe's claims handling procedure, but also seeks to discover any evidence relevant to Radwan Brown's entitlement to coverage under its policies with Monroe.

In response, plaintiff counters that this document request is not limited to documents that are not protected by a claim of privilege or confidentiality and are not limited to information that is relevant to a determination of the coverage issues. Therefore, it objected to this request and produced only documents that did not fall within the claimed objection. Plaintiff also argues that information relating to plaintiff's alleged denial of defendant's claims is only relevant to the bifurcated bad faith claims, not to the Court's determination of whether the policy provides coverage for defendant's claim.

The Magistrate Judge agrees with plaintiff's position on this document request. In a nutshell, the issue is whether the policy issued to defendant provided coverage. The Magistrate Judge concludes that communications Monroe had with others (non-attorney communications) are irrelevant to the coverage issue. At best, this document request is premature. Thus, defendant's motion to compel plaintiff to supplement its response to Document Request No. 4 will be denied.

> **REQUEST NO. 5**. All notes, letters, memoranda, or any other type of document (including printouts of emails) evidencing or memorializing any communication you had with any of the parties to this lawsuit, or any other person or entity, concerning the Claim.
>
> **RESPONSE**: Objection insofar as this Request seeks to invade the attorney/client privilege, work product doctrine, seeks information gathered in anticipation of litigation, and/or seeks information in regards to the claims handling or bad faith matters that have bifurcated and held in abeyance.

In support of its motion to compel, defendant asserts that this request merely seeks unprivileged communications between Monroe and other persons (except for Monroe's attorneys) about the claim, which may contain information relevant to Monroe's determination of no coverage for Radwan Brown's claim. Defendant notes that this request does not merely address Monroe's claims handling procedure, but also seeks to discover any evidence relevant to Radwan Brown's entitlement to coverage under its policies with Monroe.

In response, plaintiff counters that this document request is not limited to documents that are not protected by a claim of privilege or confidentiality and are not limited to information that is

relevant to a determination of the coverage issues. Therefore, it objected to this request and produced only documents that did not fall within the claimed objection. Plaintiff also argues that information relating to plaintiff's alleged denial of defendant's claims is only relevant to the bifurcated bad faith claims, not to the Court's determination of whether the policy provides coverage for defendant's claim.

The Magistrate Judge agrees with plaintiff's position on this document request. In a nutshell, the issue is whether the policy issued to defendant provided coverage. The Magistrate Judge concludes that communications Monroe had with others (non-attorney communications) concerning this claim are irrelevant to the coverage issue. At best, this document request is premature. Thus, defendant's motion to compel plaintiff to supplement its response to Document Request No. 5 will be denied.

> **REQUEST NO. 6**. Documents or items which you rely on, refer to, or which support your Answers to Interrogatories.

> **RESPONSE**: Objection insofar as this Request is overly broad and vague. Without waiving said objection, a copy of the insurance policy has previously been provided.

In support of its motion to compel, defendant contends that this request is not overly broad or vague as it merely seeks the documentation relied upon or referred to, or which supports Monroe's Answers. This is a very specific, narrow, request that should be easily assembled by Monroe, as it concerns the documents relied upon by Monroe in answering these Discovery Requests.

In response, plaintiff again argues that defendant did not limit the scope of this request to documents that are not protected by privilege or confidentiality, thereby rendering the request overly broad and vague. Plaintiff states that a review of its Interrogatory responses shows that it relied on its Amended Complaint and the insurance policy, which are in defendant's possession, in answering the Interrogatories; therefore, it has complied with the request.

The Magistrate Judge concludes that plaintiff has complied with this document request. Defendant's motion to compel plaintiff to supplement its document production in response to Request No. 6 will be denied.

> **REQUEST NO. 7**. Documents or exhibits which rely on, or plan to introduce at trial.
>
> **RESPONSE**: Objection insofar as this Request seeks to invade the attorney/client privilege and/or work product doctrine and/or seeks to invade the mental impressions of counsel in regards to planning for trial. Without waiving said objection, Plaintiff will identify exhibits upon which it plans to introduce at trial at such time as such determination is made and/or pursuant to the applicable Orders of this Honorable Court in regards to same.

Defendant has no objection to this response, so long as plaintiff will supplement its production in compliance with further orders. Plaintiff's response to this request is sufficient. Defendant's motion to compel will be denied as to Document Request No. 7.

> **REQUEST NO. 8**. Documents or items which support any of the claims asserted in your Complaint, Amended Complaint or defenses in your Reply.
>
> **RESPONSE**: Objection insofar as this Request is overly broad, unduly burdensome, and is not limited in scope. Without waiving said objection, Plaintiff has not yet made a determination in regards to documents or items that may be introduced at the trial of this matter and, upon making such determination, will identify same and/or provide copies of same pursuant to the appropriate deadlines of this Honorable Court.

Defendant's motion to compel contains no argument or allegation that plaintiff should supplement its response to this document request. The Magistrate Judge concludes that plaintiff's response is sufficient and need not be supplemented at this time.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to compel discovery from plaintiff [DE #24] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Defendants' motion to compel plaintiff to supplement its answer to Interrogatory No. 2 is **GRANTED**. Plaintiff is directed to supplement its answer and provide defendant with the names of the individuals at NY MAGIC, Peerless and/or Ohio Casualty Insurance Company, and Kentucky Center for Oral and Maxilliofacial Surgery who, to its knowledge, may have discoverable information on which Monroe may use to support its claims or defenses.

2.  Defendants' motion to compel plaintiff to supplement its answer to Interrogatory No. 3 is **GRANTED**.  Plaintiff is directed to supplement its answer as soon as its expert witnesses are determined.

3.  As to the remaining Interrogatories, defendant's motion to compel is **DENIED**. Plaintiff's answers thereto are sufficient and need not be supplemented.

4.  As to the Requests for Production of Documents, defendant's motion to compel is **DENIED** as to Document Request Nos. 1, 2, 3, 4, 5, and 6.

5.  As to the remaining Requests for Production of Documents (Request Nos. 7, 8, and 9), plaintiff is directed to seasonably supplement its responses thereto, whenever those documents are determined.

This 21st day of April, 2010.

Signed By:
*James B. Todd*
United States Magistrate Judge